

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

May 18, 1990

Dr. W. N. Kirby
Commissioner of Education
Texas Education Agency
1701 North Congress Ave.
Austin, Texas  78701-1494

Opinion No.  JM-1176

Re: Authority of an indepen-
dent school district to conduct
a raffle  (RQ-1949)

Dear Dr. Kirby:

You ask whether an independent school district is authorized to organize and conduct a raffle under the Charitable Raffle Enabling Act (hereinafter the act), article 179f, V.T.C.S., and alternatively, if an affiliated organization, such as a parent-teacher association, can do so.

The act was passed pursuant to a recent amendment to article III, section 47, of the Texas Constitution. That constitutional amendment, adopted by the state electorate on November 7, 1989, authorizes the legislature to permit certain charitable organizations to conduct raffles for charitable purposes. Tex. Const. art. III, § 47(d). The constitutional provision requires that all proceeds from the sale of raffle tickets be spent for the organization's charitable purposes. It also requires that only members of the charitable organization may conduct, promote, and administer the raffle.

The constitution expressly names certain types of organizations as being authorized to conduct charitable raffles. Those are "a qualified religious society, qualified volunteer fire department, qualified volunteer emergency medical service, or qualified nonprofit organizations." Id.

Notably, the constitutional list contains no public corporations or political subdivisions. We believe that independent school districts are not authorized to conduct charitable raffles.

The act further defines the qualified organizations that are permitted to conduct raffles. V.T.C.S. art. 179f, §§ 2, 6. Because it is obvious that an independent school district is not included in any of the first three types of qualified organizations, we look only to section 6 of the act, which defines "qualified nonprofit organizations." The common thread among these organizations is that they must qualify for and have obtained an exemption from federal income tax under section 501(c) of the Internal Revenue Code. Id. § 6(a)(4), (b)(4), (c)(4).

Section 501(c) of the Internal Revenue Code grants tax exempt status to, among others, certain corporations, civic leagues, fraternal societies, cemetery companies, and trusts. 26 U.S.C. § 501(c). Again, there are no political subdivisions or public corporations among those organizations that are granted tax exempt status. Therefore, we believe that independent school districts are not authorized to conduct charitable raffles under the Charitable Raffle Enabling Act.

We cannot finally answer your alternate question, whether a parent-teacher association is authorized to conduct a raffle under the act, because we have no facts about particular organizations. However, we note that there is express indication of legislative intent that parent-teacher associations are included in the act. The sponsor of both the joint resolution proposing the constitutional amendment and the act itself specifically mentioned parent-teacher associations as being one kind of organization that the act would permit to hold raffles. The Texas Charitable Raffle Enabling Act: Hearings on Tex. H.J.R. 32 and H.B. 240 before the House Comm. on State Affairs, 71st Leg. (March 13, 1989) (tape available at House Technical Services).

As you note in your letter, the act includes the enhancement of the opportunity for educational advancement as a charitable purpose for which raffles may be held. V.T.C.S. art. 179(f), § 2(a)(2)(A). We assume that enhancement of educational opportunities is at least one of the purposes of a parent-teacher association. A PTA may qualify under the terms of section 6 of the act, if it meets not only the charitable purposes test but also meets the qualifications, including tax exempt status, mandated in section 6.

## S U M M A R Y

Independent school districts are not qualified to hold charitable raffles under the Charitable Raffle Enabling Act, article 179f, V.T.C.S.  A parent-teacher association may be qualified to hold such raffles if it meets the requirements of the act.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General